United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| PAUL CRATIN, | ) | Case No.: 14-CV-03374-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO DISMISS WITHOUT |
| v. | ) | PREJUDICE |
| | ) | |
| KEITH STANDIFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

18
19
20
21
22
23
24
25
26
27
28

Plaintiff Paul Cratin ("Plaintiff") brings this action against Keith Standiford ("Defendant"), alleging that Defendant wrongfully terminated Plaintiff's contractor agreement. Defendant moves to dismiss, or in the alternative, for summary judgment, ECF No. 8, which Plaintiff opposes, ECF No. 13. Pursuant to Local Rule 7–1(b), the Court finds Defendant's motion suitable for decision without oral argument, and hereby VACATES the hearing on this motion previously set for October 30, 2014 at 1:30 pm. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendant's motion to dismiss without prejudice.

# I. BACKGROUND

## A. Factual Background

On August 7, 2009, Plaintiff entered into a contract to serve as a flight instructor at the Monterey Navy Flying Club ("Club"). Declaration of Bruce Cox ("Cox Decl.") ¶¶ 3, 4, 9. The Club is a United States Navy activity. Mot. at 2. If members of the Club requested flight instruction, the Club could assign Plaintiff to provide instruction. *Id.*, Exh. A, at 2 (Navy Flying Club Flight and Ground Instructions Contract). When Plaintiff did provide instruction, he was paid hourly rates established in his contract with the Club. *See id.* at 3. As part of that agreement, Plaintiff was obligated to comply with both FAA and club rules. *Id.* ¶ 9.

In April 2013, Plaintiff apparently violated club rules by providing flight instruction to a non-club member. *Id.* That flight also exceeded the G-limits of the aircraft, another violation of club rules. Mot. at 3. Following the April 2013 incident, Plaintiff was verbally warned that any further rules violations could result in disciplinary action. *Id.* In August 2013, Plaintiff again apparently violated multiple club rules and Federal Aviation Regulations. *See* Cox Decl., Exh. E. Defendant, the Club manager, wrote a report describing the incident and recommending that Plaintiff's contract be terminated. *Id.* According to Defendant's report, the incident began with Plaintiff knowingly engaging in an instructional flight with a student after being informed that Plaintiff's contract and club membership had expired. *Id.* While on the ground, Plaintiff taxied the aircraft "off-road" resulting in a prop strike against a taxiway light. *Id.* During the training flight, the engine tachometer stopped working as a result of a hard landing. *Id.* Under Federal Aviation Regulations, the nonfunctional tachometer required Plaintiff to terminate the flight, but Plaintiff failed to do so. *Id.* Plaintiff also failed to initiate the "mishap plan notification checklist," which Defendant described as a "severe leadership failure for a flight instructor." *Id.*

On August 28, 2013, the Club's Board of Directors met to review Defendant's report with the Incident Review Board and voted unanimously to revoke Plaintiff's club membership and to cancel or decline to renew Plaintiff's employment contract. Cox Decl., Exh. D. While Plaintiff's contract was not canceled, Defendant did not assign any flying lessons to Plaintiff and Plaintiff did not earn any additional payment under the contract. Cox Decl. ¶ 9. In what appears to be an oversight, the Navy renewed Plaintiff's contract in November 2013, and as a result of the renewal, paid Plaintiff for past services rendered. *Id.* In May 2014, the Club discovered Plaintiff's renewed contract, and the Contracting Officer terminated the agreement. *Id.*

### B.  Procedural History

Plaintiff filed a claim and order to go to Small Claims Court against Defendant in Monterey County Superior Court on June 24, 2014. ECF No. 1. Defendant removed the action to federal court on July 25, 2014. *Id.* Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment on July 29, 2014. ECF No. 8. Plaintiff filed a letter opposing the motion on August 21, 2014. ECF No. 13. Defendant filed a reply to Plaintiff's letter on August 25, 2014. ECF No. 14. Plaintiff submitted an additional letter opposing the motion on September 3, 2014. ECF No. 15.

## II.  LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560

(9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

## III.   DISCUSSION

### A. Removal Jurisdiction

Plaintiff has not contested the Court's jurisdiction following Defendant's removal of Plaintiff's small claims complaint from Monterey County Superior Court. However, the Court has a duty to establish sua sponte whether it has subject matter jurisdiction over a removed action. 28 U.S.C. § 1447(c); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). As the notice of removal cites both the federal officer removal statute and the Westfall Act, the Court addresses each basis for removal in turn.

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), authorizes removal of a civil action brought against any person "acting under" an officer of the United States "for or relating to any act under color of such office." *Id.* To invoke the statute, Defendant must show that he is (1) a "person" within the meaning of the statute; (2) a causal nexus exists between Plaintiff's claims and the actions Defendant took pursuant to a federal officer's direction; and (3) a "colorable" federal defense to Plaintiff's claims. *See, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014). Unlike removal pursuant to 28 U.S.C. § 1441, the Supreme Court has "mandated a generous interpretation of the federal officer removal statute." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The right of removal under § 1442 is "absolute," and the Court must interpret § 1442 "broadly in favor of removal." *Id.* (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).

The Court concludes Defendant properly removed this action pursuant to § 1442. Defendant is a "person" within the meaning of the statute. *See* § 1442(a)(1). Defendant has alleged

a causal nexus between the actions Defendant took to recommend Plaintiff's termination and to effectuate that termination and his duties as a Club manager. Defendant is a federal employee and his actions were taken under color of federal office. This is sufficient to satisfy the causal nexus requirement. *See, e.g.*, *Pierre v. Nicoll*, No. 13-cv-02427, 2013 WL 5402088, at *2 (N.D. Cal. Sept. 25, 2013) ("Congress has specifically authorized that actions against federal officials for acts taken under color of federal office may be removed to federal court."). As to the third element, Defendant has raised a "colorable" federal defense of official immunity. *See, e.g.*, *Perez v. Consol. Tribal Health Project, Inc.*, No. 12-5403, 2013 WL 1191242, at *3 (N.D. Cal. Mar. 21, 2013). Removal under § 1442 was proper here.

Moreover, insofar as Plaintiff's claims are based in tort, this action is subject to the Westfall Act.[1] "When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee was acting within the scope of his [or her] office or employment . . . . [T]he United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act ("FTCA"). If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains conclusive for purposes of removal." *Osborn v. Haley*, 549 U.S. 225, 229–30 (2007). Here, the United States Attorney, acting on behalf of the Attorney General, certified that Defendant was acting within the scope of his federal employment pursuant to 28 U.S.C. § 2679(d). *See* Declaration of Alex Tse, ECF No. 2. As a tort action against the United States, the claim is governed by the FTCA, and removal was proper. *See, e.g.*, *Martinez v. United States*, 356 F. App'x 979 (9th Cir. 2009).

---

[1] Plaintiff's small claims complaint does not indicate whether his action is based on an alleged breach of contract or tortious conduct by Defendant. Defendant addresses both possibilities in his motion to dismiss, and in the interest of thoroughness the Court will also assume that Plaintiff's claims may arise either in contract or in tort.

5

Case No.: 14-CV-03374-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

**B. Administrative Exhaustion**

Defendant moves to dismiss Plaintiff's action without prejudice because Plaintiff has failed to exhaust his administrative remedies, as required under the terms of the contract and the FTCA.

Administrative exhaustion requirements in contracts with the federal government are enforceable. *See Crown Coat Front Co. v. United States*, 386 U.S. 503, 512 (1967); *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 230 (9th Cir. 1979). Where such a term has been agreed to, it is "clear that the contractor must seek the relief provided under the contract or be barred from any relief in the courts." *Crown Coat*, 386 U.S. at 512. Whether an exhaustion requirement applies to a particular dispute depends on whether the dispute "arises under the contract," e.g., if "the disputed fact is capable of complete resolution by a procedure specified in the contract." *Kyle Eng'g Co.*, 600 F.2d at 230–31 (citing *Bethlehem Steel Corp. v. Grace Line, Inc.*, 415 F.2d 1096, 1101 (D.C. Cir. 1969)).

Plaintiff's contract with the Navy provides that "[e]xcept as otherwise provided . . . any dispute or claim concerning this contract which is not disposed of by agreement shall be decided by the Contracting Officer . . . ." Cox Decl., Exh A. at 18, ¶ 6. The Contracting Officer is obligated to furnish Plaintiff a written decision, and Plaintiff has 90 days from such a decision to file an appeal to the immediate superior in command of the Contracting Officer. *Id.* In any such appeal, Plaintiff has the right to be heard and to offer evidence. *Id.* Here, there is no evidence that Plaintiff has contacted the Contracting Officer or otherwise attempted to file an administrative appeal under the process outlined in the contract. To the contrary, Defendant offers an affidavit from Hal Dronberger, the Director of the Claims and Tort Litigation Division of the Office of the Judge Advocate General, Department of the Navy, attesting that Mr. Dronberger found no record of any administrative claims by Plaintiff. ECF No. 8.

Defendant asserts, and Plaintiff does not contest, that any dispute regarding services or payment under the contract are properly governed by the "disputes clause" in the agreement. Any breach of contract claim based on the Contracting Officer's termination of the contract or decision not to renew the agreement requires the interpretation and application of paragraphs 20 and 21 of the contract. *See* Cox Decl., Exh. A at 24, ¶¶ 20–21. Plaintiff has offered no reason why his claims would not properly "arise under" the contract, or why the administrative appeal process could not fully resolve any such dispute. *See Kyle Eng'g Co.*, 600 F.2d at 230–31. The Court concludes that the disputes clause and corresponding administrative remedy apply to Plaintiff's claim.

Plaintiff concedes he did not contact the Contracting Officer but argues that he was unable to do so because he was "barred from entering the Monterey Airport" and that "there was no way" for him to obtain a copy of the contract or discuss the claim with the Contracting Officer.[2] ECF No. 15. Even assuming Plaintiff was physically barred from the airport, a fact Defendant disputes, Plaintiff was not barred from contacting the Contracting Officer by phone or mail. The Court also notes that while Plaintiff asserts he was unable to obtain a copy of the contract, he does not claim he was unaware of his obligation to contact the Contracting Officer before bringing suit. *See* ECF Nos. 13, 15. Moreover, even if Plaintiff had been ignorant of the disputes clause, that would not excuse him from complying with the exhaustion requirement. *See Wallace v. Chafee*, 451 F.2d 1374, 1377 (9th Cir. 1971) ("One who enters a contract is on notice of the provisions of the contract. If he assents voluntarily to those provisions after notice, he should be presumed, in the

---

[2] Plaintiff also contends that Defendant's report is inadmissible hearsay. ECF No. 15. Whether Defendant's report would be admissible at trial is not determinative on this motion to dismiss. In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy, 850 F.2d at 560. Additionally, the Court is not granting Defendant's motion for summary judgment. Instead, the Court is granting Defendant's motion to dismiss without prejudice so that Plaintiff may pursue whatever administrative remedies are available to him.

absence of ambiguity, to have understood and agreed to comply with the provisions as written. This is hornbook contract law.").

Plaintiff also contends that Defendant's bias against him made any administrative appeal futile. A plaintiff need not exhaust his or her administrative remedies if doing so would be futile. *See Joint Bd. of Control of Flathead, Mission and Jocko Irr. Dists. v. United States*, 862 F.2d 195, 200 (9th Cir. 1988). However, Plaintiff has failed to allege any facts showing that Defendant or the Contracting Officer are biased against him beyond the fact that Defendant recommended Plaintiff's termination and that the Contracting Officer terminated Plaintiff's contract. A bare allegation of bias is insufficient to show futility. *See Ioane v. Sottile*, 125 F.3d 858 (9th Cir. 1997). To invoke the futility exception, Plaintiff must allege "[o]bjective and undisputed evidence of administrative bias." *Joint Bd. of Control of Flathead*, 862 F.2d at 200. Plaintiff has failed to do so. *See id.* ("Administrative review is not futile if the plaintiff's allegations of bias are purely speculative."); ECF Nos. 13, 15.

Furthermore, insofar as Plaintiff's claims are based in tort, Plaintiff's claim is governed by the FTCA. *See Osborn*, 549 U.S. at 229–30. As discussed above, Defendant Standiford has absolute immunity under the Westfall Act as a result of the United States Attorney's certification, and any tort action against the United States is subject to the exhaustion requirements of the FTCA. *See id.*; *FDIC v. Craft*, 157 F.2d 697, 706 (9th Cir. 1998); 28 U.S.C. § 2675(a). Plaintiff has not contested this certification and has failed to demonstrate that he exhausted the administrative remedies of the FTCA. As a result, the Court lacks subject matter jurisdiction over his claims. *See Jerves v. United States*, 966 F.2d 517, 518–19 (9th Cir. 1992).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for failure to exhaust administrative remedies. This dismissal is without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 27, 2014

*Lucy H. Koh*

LUCY H. KOH
United States District Judge